IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE MANUFACTURED HOUSING INSTITUTE and THE TEXAS MANUFACTURED HOUSING ASSOCIATION,<br>　　　　*Plaintiffs*<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF ENERGY and JENNIFER M. GRANHOLM,<br>　　　　*Defendants* | §§§§§§§§§§§§ | CASE NO. 1:23-CV-00174-DAE |

**O R D E R**

Now before the Court is the Joint Motion for Entry of Scheduling Order, filed May 16, 2024 (Dkt. 60). By Text Order entered May 21, 2024, the District Court referred the Joint Motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Plaintiffs the Manufactured Housing Institute and the Texas Manufactured Housing Association sued Defendants the United States Department of Energy and Secretary of Energy Jennifer M. Granholm, alleging that Defendants violated the Administrative Procedure Act by promulgating a new rule setting energy standards for manufactured housing under the Energy Independence and Security Act of 2007. In their Joint Motion, the parties ask the Court to enter a scheduling order under Rule 16 and propose a set of agreed deadlines, but disagree whether the Court should set a discovery deadline. The Court ordered briefing on the issue, and each party filed an opening brief and a response. Dkts. 63-67. Having carefully considered the Joint Motion, the parties' briefs, and the applicable law, the Court now enters the following Order.

This case is governed by the Administrative Procedure Act ("APA"). 5 U.S.C. §§ 702, 706. When a plaintiff brings a claim under 5 U.S.C. § 702, the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Budhathoki v. Nielsen*, 898 F.3d 504, 517 (5th Cir. 2018) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). A court cannot consider other evidence unless a party demonstrates that unusual circumstances justify departing from the general presumption that review is limited to the record compiled by the agency. *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010). To obtain discovery from an agency in an APA case, a plaintiff must "make a probabilistic showing that discovery is sufficiently likely to unearth evidence relevant to deciding whether the record should be supplemented or added to." *La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 141 F. Supp. 3d 681, 695 (S.D. Tex. 2015).

The administrative record has not been finalized or submitted in this case. Plaintiffs argue that "whether discovery will be necessary or appropriate cannot be determined now—before the parties or the Court even have an administrative record to consider. However, the circumstances of this case already provide some indication that supplementation, including discovery, may be necessary." Dkt. 64 at 2. But a party seeking to supplement the administrative record must provide reasonable, non-speculative grounds that the record is incomplete. *Save Barton Creek Ass'n v. Tex. Dep't of Transp.*, No. 1:19-CV-761-RP, 2021 WL 3849723, at *2-3 (W.D. Tex. Aug. 27, 2021).

Without the administrative record, Plaintiffs can only speculate on its contents. They have not carried their burden to show that discovery is likely to produce evidence relevant to supplementation. The Court finds that a discovery deadline is unnecessary before Plaintiffs show they are entitled to discovery.

For these reasons, the Court **GRANTS** the Joint Motion for Entry of Scheduling Order (Dkt. 60) and issues a separate Scheduling Order. The Court **DENIES** Plaintiff's request to enter a discovery deadline, but the Scheduling Order will include a deadline for any motion for leave to conduct extra-record discovery.

**SIGNED** on June 17, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE