IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE MANUFACTURED HOUSING INSTITUTE and THE TEXAS MANUFACTURED HOUSING ASSOCIATION,<br>   *Plaintiffs*<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF ENERGY and JENNIFER M. GRANHOLM, in her official capacity,<br>   *Defendants* | § § § § § § § § § § § § §<br><br>Case No. 1:23-CV-00174-DAE |

## ORDER

Before the Court are Plaintiffs' Motion to Supplement the Administrative Record, filed August 30, 2024 (Dkt. 79); Defendants' Response, filed September 20, 2024 (Dkt. 83); and Plaintiffs' Reply, filed October 11, 2024 (Dkt. 86).[1]

### I.  Background

Plaintiffs the Manufactured Housing Institute and the Texas Manufactured Housing Association allege that Defendants the United States Department of Energy and Secretary of Energy Jennifer M. Granholm (together, "DOE") violated the Administrative Procedure Act and the Energy Independence and Security Act of 2007 when they promulgated a Final Rule[2] setting energy standards for manufactured housing. Plaintiffs ask the Court to invalidate the Final Rule, alleging that that the DOE (1) failed to consider all relevant costs; (2) used incorrect economic

---

[1] By text order entered October 15, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

[2] Energy Conservation Program: Energy Conservation Standards for Manufactured Housing, 87 Fed. Reg. 32,728 (May 31, 2022), codified at 10 C.F.R. pt. 460.

1

assumptions, which resulted in incorrect data as to the actual costs of materials; and (3) failed to meaningfully consult with the Department of Housing and Urban Development ("HUD"). Amended Complaint, Dkt. 48 ¶¶ 2, 7, 14, 99.

Defendants certified the administrative record on July 1, 2024. Dkt. 71. Plaintiffs now move to supplement the administrative record with the declarations of Pavel Darling and Mark Ezzo.

## II.   Analysis

This case is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706. When a plaintiff brings a claim under the APA, the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Budhathoki v. Nielsen*, 898 F.3d 504, 517 (5th Cir. 2018) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). A court cannot consider other evidence unless a party demonstrates that unusual circumstances justify departing from the general presumption that review is limited to the record compiled by the agency. *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010).

Motions to supplement the record are rarely granted. *OnPath Fed. Credit Union v. U.S. Dep't of Treasury, Cmty. Dev. Fin. Insts. Fund*, 73 F.4th 291, 299 (5th Cir. 2023). But supplementation may be permitted when

> (1)   the agency deliberately or negligently excluded documents that may have been adverse to its decision;
>
> (2)   the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors; or
>
> (3)   the agency failed to explain administrative action so as to frustrate judicial review.

*Id.* (quoting *Medina*, 602 F.3d at 706).

2

Plaintiffs argue that the second exception applies. They contend that the declarations provide background information the Court needs to determine whether the DOE ignored important factors in conducting its rulemaking. Dkt. 79 at 5. The DOE argues that supplementation is improper because Plaintiffs have not met their burden to show that the declarations are necessary background information. Defendants also argue that the declarations include new evidence that cannot be considered because it was not raised during the notice and comment period.

**A. Darling Declaration**

In his declaration, Darling states that the DOE's cost model does not account for economic changes since the COVID-19 pandemic. According to Darling, because of this failure, the Final Rule would result in a net cost to the average consumer rather than a net benefit, as the DOE determined. Dkt. 79-1 ¶ 35. Darling also states that the "DOE failed to consider that the higher interest rates faced on average by minority homebuyers impose disproportionately higher costs on this disadvantaged group." *Id.* ¶ 55.

The Court finds that Darling's assertions about the DOE's cost-effectiveness analysis are already in the administrative record. For example, Darling contests the inflation rate the DOE applied in calculating construction costs, stating that "the true annualized inflation rate for construction materials between 2014 and 2021 was 6.5 percent." Dkt. 79-1 at 6. As Plaintiffs acknowledge, commenters raised this issue during the notice and comment period. For example, Plaintiff the Texas Manufactured Housing Association commented on November 22, 2021 that "we're still talking about 2020 prices when just last month the BLS reported that CPI-U[3] was up

---

[3] Pursuant to Federal Rule of Evidence 201(b)(2), the Court takes judicial notice that "CPI-U" stands for the Consumer Price Index for All Urban Consumers. U.S. Bureau of Labor Statistics' website, https://www.bls.gov/news.release/cpi.t01.htm. *See Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (taking judicial notice of agency's website); *Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 871 (S.D. Tex. 2020) ("[G]overnmental websites are proper sources for judicial notice.").

6.2% over October of 2020." Administrative Record, Doc. 1628 at 3, Dkt. 71-2 at 98. The DOE's response that it corroborated the costs is also in the administrative record. 87 Fed. Reg. at 32,790.

Plaintiffs also argue that because the DOE did not consider all relevant factors, supplementation with the Darling Declaration is necessary to "understand the integrity" of the DOE's process. Dkt. 86 at 7. The question before the Court is whether the DOE considered the relevant factors, not how well it did so. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 255 F. Supp. 3d 101, 124-25 (D.D.C. 2017) ("Disagreement with an agency's analysis is not enough to warrant the consideration of extra-record evidence, which, after all, is 'the exception, not the rule.'") (citation omitted). Supplementation for this reason would result in an improper *de novo* review of the merits of the DOE's actions. *Gen. Land Off. v. U.S. Dep't of the Interior*, No. A-23-CV-169-DAE, 2023 WL 11857653, at *3 (W.D. Tex. Sept. 18, 2023). Because the Court finds that the Darling Declaration is not necessary background information but an attempt to re-litigate the merits, supplementation is denied.

**B. Ezzo Declaration**

In his declaration, Ezzo purports to explain HUD standards and enforcement regulations and identify factors regarding implementation that were not considered in the Final Rule. Dkt. 79-2 ¶ 4. Plaintiffs argue that the Ezzo Declaration provides necessary background information to determine "*whether* DOE actually considered the relevant construction hurdles" the Final Rule imposes. Dkt. 86 at 2.

The Court finds that the portions of the Ezzo Declaration addressing HUD's manufactured housing regulations, compliance and enforcement processes, the Manufactured Housing Consensus Committee, and the manufactured housing industry's existing energy conservation effort is not necessary background information. Dkt. 79-2 ¶¶ 5-45. Plaintiffs do not specifically

4

connect those portions of the Ezzo Declaration to the DOE's failure to consider relevant factors or show how they are necessary to support their claim that the DOE failed to properly consider evidence.

The same is true for Ezzo's discussion of the Manufactured Housing Working Group ("MH Working Group"). Ezzo states that he understands the Final Rule to be based on an earlier version of the International Energy Conservation Code than the one considered by the MH Working Group, but offers no support or further explanation for that assertion. Dkt. 79-2 ¶ 48. The remainder of Ezzo's discussion of the MH Working Group largely repeats Plaintiffs' arguments that the DOE did not meaningfully consult with HUD and the Manufactured Housing Consensus Committee. This is argument, not background information necessary to determine whether the DOE meaningfully consulted with HUD.

The Court agrees with Defendants that Ezzo's discussion of transportation issues, spray foam insulation, and argon gas present new arguments that cannot be considered because they were not timely raised during the notice and comment period. *Healthy Gulf v. U.S. Army Corps of Eng'rs.*, 81 F.4th 510, 521 (5th Cir. 2023). In determining whether the DOE considered all relevant factors, the Court is limited to factors raised in the public comments. *Huawei Techs. USA, Inc. v. Fed. Commc'ns Comm'n*, 2 F.4th 421, 449 (5th Cir. 2021). "[I]n most cases, an issue not presented to an administrative decisionmaker cannot be argued for the first time in federal court." *Gulf Restoration Network v. Salazar*, 683 F.3d 158, 175 (5th Cir. 2012) (quoting *Sims v. Apfel*, 530 U.S. 103, 112 (2000)).

Even if these statements were not untimely, instead of background information, they are an impermissible attempt to raise new rationalizations for challenging the Final Rule. For example, manufacturers may comply with the standards laid out in the Final Rule by one of two methods:

5

the prescriptive method, which uses the components specified by DOE, or the performance method, which allows for compliance based on the overall thermal transmittance performance of the home. Dkt. 83 at 4. Plaintiffs argue that the Ezzo Declaration is necessary to show that the DOE "waved away" commenters' cost concerns about the DOE's prescriptive requirements for energy efficiency by providing the alternative performance standards. Dkt. 86 at 10. The Ezzo Declaration addresses how the performance standards for insulation would require manufacturers to use spray foam insulation, which "would raise its own substantial costs." Dkt. 79-2 ¶ 54. Plaintiffs contend that Ezzo's discussion of the types of insulation available under the performance standard and their corresponding costs is necessary background information. But Ezzo's discussion of spray foam raises a new argument about the DOE's response to cost concerns, and new rationalizations for attacking the DOE's decision are not proper at this stage. *Ctr. for Biological Diversity v. Texas Dep't of Transp.*, No. 1:16-CV-876-LY, 2019 WL 12313647, at *27 (W.D. Tex. Sept. 30, 2019) (denying plaintiff's request to supplement the administrative record because the extra-record evidence would constitute a "new rationalization . . . for attacking an agency's decision") (citation omitted). Plaintiffs cannot use supplementation to raise untimely arguments.

## C. Conclusion

For these reasons, the Court finds that the Darling and Ezzo Declarations are not background information the Court needs to determine whether Defendants met their obligations in promulgating the Final Rule under the second *Medina* factor, 602 F.3d at 706. Because Plaintiffs do not meet their burden to overcome the presumption that review is limited to the record compiled by the agency, their motion is denied.

### III.   Order

The Court **DENIES** Plaintiffs' Motion to Supplement the Administrative Record (Dkt. 79).

**IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

**SIGNED** on November 14, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE