IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| THE MANUFACTURED HOUSING INSTITUTE; and THE TEXAS MANUFACTURED HOUSING ASSOCIATION,<br><br>  Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES DEPARTMENT OF ENERGY; and CHRIS WRIGHT, Secretary of the United States Department of Energy in his official capacity only,<br><br>  Defendants. | Civil Action No.: 23-cv-00174 |

**PLAINTIFFS' EMERGECNY MOTION FOR TEMPORARY RESTRAINING ORDER SUSPENDING THE COMPLIANCE DATE OF THE SUPERSEDED FINAL RULE**

Plaintiffs the Manufactured Housing Institute ("MHI") and the Texas Manufactured Housing Association ("TMHA," and with MHI, "Plaintiffs") move this Court, pursuant to 5 U.S.C. § 705 and Fed. R. Civ. P. 65(b), to issue a temporary restraining order ("TRO") preserving the status quo by suspending the Department of Energy's ("DOE") Tier 2 compliance deadline of July 1, 2025 under its old rule setting energy standards for manufactured housing, *see* 87 Fed. Reg. 32,728 (the "Final Rule"), until DOE's June 26, 2025 new final rule delaying that compliance deadline becomes effective through publication on the Federal Register in the next few days.

1.  Tomorrow—July 1, 2025—is the Final Rule's compliance date under DOE's currently effective regulations. *See* 88 Fed. Reg. 34,411.

2.  As explained in the parties' April 28, 2025 Joint Status Report, Dkt. No. 99, for months Plaintiffs have abstained from filing a motion to stay the Final Rule's July 1, 2025 compliance date for Tier 2 homes based on DOE's consistent assurances that it would finalize its

1

delay rulemaking before the compliance date took effect. *See* Dkt. No. 99 at 4–5; *see also* 90 Fed. Reg. 17,230 (Apr. 24, 2025) (DOE's notice of proposed rulemaking to delay the July 1, 2025 compliance date ("Second Delay NOPR")).

3. At the Court's May 28, 2025 hearing, DOE stated that it "has every expectation that [the Second Delay NOPR] will be finalized before July 1." *See* Trans. at 3:23–25. And as recently as June 20, 2025, DOE represented to the Court that it "expects to issue a final rule no later than July 1, 2025." *See* Dkt. No. 102.

4. Today, on June 30, 2025, DOE *informally* made public the final delay rule on its website, which Plaintiffs certainly appreciate.[1] However, as stated therein, this final delay rule does not become effective until it is published on the Federal Register, which could take a number of days or even over a week.[2] Until the final delay rule becomes effective, the Final Rule's existing Tier 2 compliance date will become operative on July 1, 2025.

5. This short gap is unintended and sought by no one. DOE signed the final delay rule on June 26, 2025, but for whatever reason, it took time to upload informally on DOE's website and will take additional time for actual publication on the Federal Register. But this time gap, however brief, has potential real consequences despite DOE's best intentions. Any homes produced in the interim—*i.e.*, between July 1, 2025, and the ultimate effective date of the new delay rule—may have to comply with the Final Rule's standards.[3]

---

[1] https://www.energy.gov/sites/default/files/2025-06/Manufactured-Housing_Compliance-Date-Extension.pdf

[2] For example, the 2023 Delay Rule was informally published on May 19, 2023, and published to the Federal Register 11 days later on May 30, 2023. *Compare* https://www.energy.gov/sites/default/files/2023-05/mh-compliancedate-final.pdf ("This final rule is effective [INSERT DATE OF PUBLICATION IN THE *FEDERAL REGISTER*]") *with* 88 Fed. Reg. 34,411 ("This final rule is effective May 30, 2023.").

[3] As further grounds for the requested TRO, and pursuant to Fed. R. Civ. P. 10(c), Plaintiffs incorporate by reference the arguments made in their February 14, 2023, Motion to Stay Agency Action and Request for Expedited Consideration and Hearing, Dkt. No. 5, and as to the likelihood of success on the merits, Plaintiffs also incorporate by reference the arguments made in their January 10, 2025 Motion for Summary Judgment, Dkt. No. 94.

6.      To avoid the clear prejudice resulting from such an arbitrary outcome, and consistent with the Court's directives at the May 28, 2025 hearing, Plaintiffs request that the Court immediately enter a TRO suspending the old Final Rule's Tier 2 July 1, 2025, compliance date until the new final delay rule can become effective through publication on the Federal Register. *See* Trans. at 21:17–22, 23:11–14.[4]

7.      On June 30, 2025, counsel for Plaintiffs conferred with counsel for Defendants, and Defendants oppose the relief requested herein.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court enter a temporary restraining order staying the old Final Rule's compliance deadline of July 1, 2025 for Tier 2 homes until the new final delay rule becomes effective through publication on the Federal Register.

Respectfully submitted, this 30th day of June, 2025.

/s/ Carlos R. Soltero
Carlos R. Soltero
State Bar of Texas No. 00791702
csoltero@maynardnexsen.com
Gregory P. Sapire
State Bar of Texas No. 00791601
gsapire@maynardnexsen.com
MAYNARD NEXSEN PC
500 Bee Cave Road, Bldg 1, Suite 150
Austin, Texas 78746
(512) 422-1559 – Telephone
(512) 359-7996 – Facsimile

Thomas W. Thagard (*pro hac vice*)
State Bar of Texas No. 24134186
tthagard@maynardnexsen.com
James C. Lester (*pro hac vice*)

---

[4] The Supreme Court's recent decision in *Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631 (U.S. June 27, 2025), does not implicate this request for relief. *See id.* at *8 n.10 (declining to address court's authority to enter preliminary relief in Administrative Procedure Act cases).

jlester@maynardnexsen.com
MAYNARD NEXSEN PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
(205) 254-1000 – Telephone

Scott Simpson (*pro hac vice*)
wsimpson@smgblawyers.com
Daniel S. Weber (*pro hac vice*)
dsweber@smgblawyers.com
SIMPSON, MCMAHAN, GLICK & BURFORD, PLLC
100 Concourse Parkway
Suite 310 West Tower
Hoover, AL 35244
(205) 876-1600 – Telephone

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record via the Court's ECF system on June 30, 2025.

/s/ James C. Lester
James C. Lester
