IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE MANUFACTURED HOUSING INSTITUTE; and THE TEXAS MANUFACTURED HOUSING ASSOCIATION, | § § § § § § | No. 1:23-cv-00174-DAE |
| *Plaintiffs*, | § § | |
| v. | § § | |
| THE UNITED STATES DEPARTMENT OF ENERGY; and CHRIS WRIGHT, Secretary of the United States Department of Energy in his official capacity only, | § § § § § § § § | |
| *Defendants*. | § § | |

ORDER

Before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order Suspending the Compliance Date of the Superseded Final Rule, filed on June 30, 2025.  (Dkt. # 104.)  Plaintiffs seek a temporary restraining order preserving the status quo by suspending the Department of Energy's ("DOE") Tier 2 compliance deadline of July 1, 2025 under its old final rule setting energy standards for manufactured housing, see 87 Fed. Reg. 32,728 (the "Final Rule"), until DOE's June 26, 2025 new final rule delaying that compliance deadline becomes effective through publication on the Federal Register.

1

The Court finds this matter suitable for disposition without a hearing. After careful consideration of the application and the relevant law, the Court **GRANTS** the request for a temporary restraining order.

BACKGROUND

In this suit, Plaintiffs challenge the Department of Energy's ("DOE") promulgation of energy conservation standards for manufactured housing from its May 31, 2022 Final Rule, titled "Energy Conservation Program: Energy Conservation Standards for Manufactured Housing." 87 Fed. Reg. 32,728 ("Final Rule"). On March 24, 2023, DOE published a notice of proposed rulemaking ("NOPR") to delay the compliance date with the Final Rule until after DOE published its final enforcement procedures. See 88 Fed. Reg. 17,745 (the "Delay NOPR"). DOE acknowledged that delaying the compliance date was "necessary" to "provide clarity to manufacturers and consumers regarding DOE's means of enforcing the standards and how DOE will evaluate compliance." Id. at 17,746. On May 30, 2023, DOE finalized this rule, delaying the compliance date, for Tier 1 homes, until sixty days after issuance of enforcement procedures, and, for Tier 2 homes, until July 1, 2025. See 88 Fed. Reg. 34,411 ("Delay Rule").

On April 24, 2025, the DOE published another Notice of Proposed Rulemaking to delay the Tier 2 compliance date, see 90 Fed. Reg. 17,230 ("2025 Delay NOPR"). The 2025 Delay NOPR proposed delaying the Tier 2 compliance

2

date from its current deadline of July 1, 2025, until 180 days after the issuance of enforcement procedures. On June 26, 2025, DOE signed the proposed rule to delay the July 1, 2025 enforcement date for Tier 2 homes. ("Final Delay Rule"). (Dkt. # 104 at 2.)

On June 30, 2025, DOE informally made public the new Final Delay Rule on its website. (Id.) However, as stated therein, this new Final Delay Rule does not become effective until it is published on the Federal Register, which according to Plaintiffs, could take an uncertain number of days. (Id.) Until the final delay rule becomes effective, the Final Rule's existing Tier 2 compliance and enforcement date will be the existing July 1, 2025 date. (Id.)

On May 28, 2025, the Court held a status conference to discuss the Parties' positions regarding the likelihood of the Final Delay Rule being finalized prior to the existing Tier 2 compliance date of July 1, 2025. As a result of that status conference, Plaintiffs filed the instant Motion for Temporary Restraining Order. However, Plaintiffs do not include a motion for preliminary injunction with their Application.

## LEGAL STANDARDS

Rule 65 of the Federal Rules of Civil Procedure states that a court may issue a temporary restraining order ("TRO") without notice to the adverse party or its attorney if:

3

>(A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

To obtain a TRO, a plaintiff must establish that (1) there is a substantial likelihood that it will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs whatever damage the proposed injunctive relief would cause the defendant; and (4) the granting of the injunction is not adverse to the public interest. Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974)).

A TRO, like all injunctive relief, is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. Sepulvado v. Jindal, 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), cert. denied, 134 S. Ct. 1789 (2014). The party moving for a TRO must carry the burden as to all four elements before a TRO may be considered. See Voting for America, Inc. v. Steen, 732 F.3d 382, 386 (5th Cir. 2013).

## DISCUSSION

Plaintiffs seek a TRO to preserve the status quo by suspending the DOE Tier 2 compliance deadline of July 1, 2025 under its old final rule setting

energy standards for manufactured housing, *see* 87 Fed. Reg. 32,728 (the "Final Rule"), until DOE's June 26, 2025 new final rule delaying that compliance deadline becomes effective through publication on the Federal Register.

Plaintiffs contend that even though it is on notice the Tier 2 compliance deadline will ultimately be delayed through the June 26, 2025 new final rule, any homes produced in the interim—i.e., between July 1, 2025, and the ultimate effective date of the new delay rule—may have to comply with the Tier 2 standards, despite the fact the standards will be delayed in the near future.

The Court agrees that although signed by the DOE on June 26, 2025, the Final Delay Rule will take additional time for actual publication on the Federal Register, which will leave Plaintiff with uncertainty as to whether the Tier 2 Energy Conservation Standards included in the old final rule will apply.  It is uncontroverted that the Final Delay Rule will go into effect, as it was signed and informally published by DOE.  Thus, the relief provided herein is only so as to allow the July 1, 2025 compliance date to be stayed pending the Final Delay Rule's publication in the Federal Register.

Given the irreparable harm Plaintiffs' manufacturer-members face from this arbitrary outcome and the clear public interest in avoiding this unintended gap in operative compliance deadlines, after careful consideration of the Plaintiffs' Emergency Motion for Temporary Restraining Order, the Court finds

5

a Temporary Restraining Order is warranted.  See <u>Productos Carnic, S.A. v. Cent. Am. Beef & Seafood Trading Co.</u>, 621 F.2d 683, 686 (5th Cir. 1980) (authorizing preliminary relief where irreparable harm and public interest "factors are strong").

CONCLUSION

The Court **GRANTS** Plaintiffs' Emergency Motion for Temporary Restraining Order.  (Dkt. # 104.)

The Court **ORDERS** that: The United States Department of Energy's Tier 2 compliance deadline of July 1, 2025 under its Final Rule setting energy standards for manufactured housing, <u>see</u> 87 Fed. Reg. 32,728 as modified by 88 Fed. Reg. 34,411, is **STAYED.**  The stay shall only apply to the Parties before this Court.  This Temporary Restraining Order will be immediately effective but will expire of its own force upon the earlier of (a) publication on the Federal Register of the Department of Energy's June 26, 2025 delay rule or (b) 14 days from the date of this Order at 5pm CST.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, June 30, 2025.

_____
David Alan Ezra
Senior United States District Judge